1    Alan M. Levinsky (SBN: 006702)
**BUCHALTER NEMER**
2    16435 North Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
3    Telephone: (480) 383-1800
Facsimile: (480) 824-9400
4    Email: alevinsky@buchalter.com

5    Attorneys for Movant

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | **Chapter 11** |
| BRIAN KEITH HATLESTAD and JEANETTE RAE HATLESTAD, | **No. 2:10-bk-12796 SSC** |
| Debtor(s), | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| GMAC, | |
| Movant, | |
| vs. | |
| BRIAN KEITH HATLESTAD and JEANETTE RAE HATLESTAD, | |
| Respondent(s). | |

    COMES NOW, Movant, who hereby moves and applies to the Court for an order modifying the stay provided by 11 U.S.C. § 362 and other stays against lien enforcement with respect to the property described below, and proceeds; and enjoining or conditioning the use, sale or lease of such property, as necessary to provide adequate protection of Movant's interest in the property.

    The relief requested is more particularly set forth in the following memorandum of points and authorities, upon which this motion and application is based.

G1653.0285 BN 6641337v1

# MEMORANDUM OF POINTS AND AUTHORITIES

**FACTS**:

The facts relevant to Movant's Motion for Relief from the Automatic Stay are summarized as follows:

1. The Debtors filed Bankruptcy under the Bankruptcy Code on April 28, 2001.

2. On or about July 11, 2008, said Debtors entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement with Movant's Assignor for the purchase of a 2006 CHEVROLET MONTE CARLO, VIN: 2G1WL16C269422352. (See Exhibit "A" attached hereto)

3. Said Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement was assigned to Movant which thereupon filed and perfected its lien on the collateral described herein by noting said lien on the Electronic Lien Verification. (See Exhibit "B" attached hereto)

4. At the time of filing of the Petition for Relief, the Debtors were indebted to Movant in the amount of $21,656.00. The value of the collateral is approximately $15,800.00. As such, after taking into account the cost of retaking, reconditioning, selling, attorney fees, etc., there is little or no equity in this collateral for either the Debtors or the Estate.

5. The Debtors are delinquent on the account since February, 2010 and are past due for $2,364.95, and there has been no offer of adequate protection to your Movant to protect the value of this collateral. It is also unknown as to whether or not the Debtors have been maintaining insurance. As such, immediate proof of insurance is required with respect to any response to this Motion.

6. On or about July 16, 2008, said Debtors entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement with Movant's Assignor for

the purchase of a 2008 CHEVROLET SILVERADO, VIN: 2GCEC19C581316669. (See Exhibit "C" attached hereto)

7. Said Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement was assigned to Movant which thereupon filed and perfected its lien on the collateral described herein by noting said lien on the Electronic Title. (See Exhibit "D" attached hereto)

8. At the time of filing of the Petition for Relief, the Debtors were indebted to Movant in the amount of $29,792.62. The value of the collateral is approximately $22,275.00. As such, there is no equity in this collateral for either the Debtors or the Estate.

9. The Debtors are delinquent on the account since December, 2009 and are past due for $3,750.36, and there has been no offer of adequate protection to your Movant to protect the value of this collateral. It is also unknown as to whether or not the Debtors have been maintaining insurance. As such, immediate proof of insurance is required with respect to any response to this Motion.

10. Movant has incurred, or may incur, certain costs, including, without limitation, attorneys fees, taxes, insurance premiums, court costs, costs of sale, and other costs, all of which are secured by the subject Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement.

**LAW:**

    (A)    <u>AUTOMATIC STAY</u>:

Pursuant to 11 U.S.C. § 362(d) Movant is entitled to relief from the automatic stay to enforce its lien on <u>either</u> of two grounds: (1) for cause including lack of adequate protection of an interest in the Property, or (2) the Debtors have no equity and the Property is not necessary to any effective reorganization. Implicit in the second of these is that, unless reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor has

1 no equity in the Property. E.G., Frankford Trust Company v. Dublin Property, (In re Dublin Properties), 4 C.B.C. 2d 885, 889 (E.D. Pa., Bankr., 1981).

On only one issue does a Movant requesting relief from the stay have the burden of proof and that is the issue of the Debtors equity in the Property. On all other issues any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, a Movant is entitled to relief without presenting any evidence whatsoever. See, Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2d 359, 361, 10 BCD 219, 24 B.R. 578 (9th Cir BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id.

(B) PRELIMINARY HEARING:

As noted above, any party resisting relief from the automatic stay or seeking to use property of the estate must carry the burden of proof on the issue of adequate protection. A party requesting relief from the stay receives it automatically 30 days after the date of its request unless the Court after notice and hearing orders the stay extended. 11 U.S.C. § 362(e). Moreover, at a preliminary hearing on a request to lift the stay, the Movant Creditor is entitled to relief unless the party resisting relief presents evidence and the Court finds that there is a "reasonable likelihood" the resisting party "will prevail at the final hearing." 11 U.S.C. § 363(c)(3) and § 362(e)(1). See Dublin Properties, 4 C.B.C. 2d at 889.

**REQUEST FOR RELIEF:**

For the reasons set forth above, Movant respectfully requests:

1. That all stays, including without limitation, injunctions, restraining orders, and the automatic stays provided by 11 U.S.C. § 362 and § 524, be vacated with respect to the Property, or modified to permit Movant, or its agents, attorneys, employees and assigns and such other persons as the Court shall deem appropriate to take any and all actions to enforce its claim to and

1 as123 assert its ownership rights to the Property under the subject Contract, and non-bankruptcy law, including without limitation the rights:  to declare all sums to be immediately due and payable; and to obtain possession of the property, either through self-help or an action in any Court of competent jurisdiction.

2. In the alternative, that Movant is entitled to adequate protection for its interest in the Property and more specifically, in that alternative, that Debtor Respondent be ordered to make periodic cash payments to Movant equal to the fair rental value for the use of the Property from the date of bankruptcy and that Debtor Respondent be directed to maintain adequate insurance on the Property to protect the interest of Movant.

3. Movant is also requesting that the Court allow Movant to immediately secure its collateral/property without having to wait fourteen days from the date of this Order as otherwise required under Rule 7062.  Good cause exist for this insofar as the property which is in question is both depreciable and mobile and there is always concern by Movant with reference to this type of property concerning the continued use by the Debtor when payments are not being made. Movant has no objection to waiting fourteen days with reference to the sale after entry of Order.

**CONCLUSION:**

For the reasons set forth herein, Movant requests entry of an Order Modifying Stays against lien enforcement; and granting such other and further relief as is just.

RESPECTFULLY SUBMITTED this _23rd_ day of  July, 2010.

        BUCHALTER NEMER

        By: /s/ AML - #006702
           Alan M. Levinsky
           16435 North Scottsdale Road, Suite 440
           Scottsdale AZ  85254-1754
           Attorneys for Movant

| | |
|---|---|
| 1 | COPY of the foregoing mailed this<br>_23rd__ day of July, 2010, to the following: |
| 2 | |
| 3 | Brian Keith Hatlestad<br>Jeanette Rae Hatlestad<br>9680 N. 90th Lane |
| 4 | Peoria, Arizona 85345<br>Debtors |
| 5 | |
| 6 | Joseph W. Charles<br>P.O. Box 1737<br>Glendale, Arizona 85311 |
| 7 | Attorney for Debtors |
| 8 | Renee Sandler Shamblin<br>OFFICE OF THE U.S. TRUSTEE |
| 9 | 230 N. First Ave., Suite 204<br>Phoenix, Arizona 85003 |
| 10 | Attorney for U.S. Trustee |
| 11 | TWENTY LARGEST<br>UNSECURED CREDITORS |
| 12 | |
| 13 | _/s/ Cathy C. Bohnsack_____ |